**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

---

**COLORADO REPUBLICAN PARTY,** an unincorporated nonprofit association, on behalf of itself and its members,

*Plaintiff*,

v.

**JENA GRISWOLD**, in her official capacity as Colorado Secretary of State,

*Defendant*.

Civil Action No. 1:23-cv-1948

---

## COMPLAINT FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF

COLORADO REPUBLICAN PARTY, an unincorporated nonprofit association that is a major political party under Colorado law, on behalf of itself and its members, by and through their undersigned legal counsel, file this Complaint for Declaratory and Injunctive Relief.

## NATURE OF THE CASE

1.   This is a suit challenging the legality, both on its face and as applied, of the Colorado statutes enacted by Proposition 108 ("Proposition 108"), a ballot initiative adopted in 2016 that requires a major political party[1] to allow voters not affiliated with the party to vote in that

---

[1] Colorado law distinguishes between "major" political parties and "minor" political parties. The former is defined as "any political party that at the last preceding gubernatorial election was

party's primary election and thereby to help determine the party's nominee for the general election. Proposition 108 harms Plaintiff and its members by infringing upon their rights of free speech and association secured by the First Amendment to the United States Constitution (as incorporated and made applicable to the States by the Fourteenth Amendment) and their rights to equal protection of the laws secured by the Fourteenth Amendment to the United States Constitution.

<u>**JURISDICTION AND VENUE**</u>

2.   This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988. This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and Rule 57 of the Federal Rules of Civil Procedure. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurs in this district.

<u>**PARTIES**</u>

3.   Plaintiff **COLORADO REPUBLICAN PARTY** ("CRP" or "Party") is an unincorporated nonprofit association with its principal offices in Greenwood Village, Colorado. It is a membership organization comprised of officers and other representatives from each of

---

represented on the official ballot either by political party candidates or by individual nominees and whose candidate at the last preceding gubernatorial election received at least ten percent of the total gubernatorial votes cast." Colo. Rev. Stat. § 1-1-104(22).

the sixty-four affiliated Republican county political party committees and Republican elected officials at the state and district levels. The Party is a major political party under Colorado law. See § 1–1–104(22), C.R.S.2015; §§ 1–3–100.3 to –108, C.R.S.2015.  It sues on its own behalf and on behalf of its members, one or more of whom have standing to challenge Proposition 108 in their own right.  The claims it raises on behalf of its members are germane to its purpose, and neither the claims asserted herein nor the relief requested requires the participation of individual members.

4.   Defendant **JENA GRISWOLD** is the Colorado Secretary of State.  She is sued in her official capacity.  As Secretary of State, she supervises the conduct of primary elections in Colorado and enforces the provisions of Colorado's election code.  Colo. Rev. Stat. Ann. §§1-1-107(1)(a, b).

## FACTS AND LEGAL AUTHORITY

5.   The rights of free speech and association protected by the First Amendment to the United States Constitution include the right of political parties to choose their nominees for office without interference by those who are not members of the party and have chosen not to affiliate with the party.

6.   Section 1-2-218.5(2) of the Colorado Revised Statutes provides that "[a]ny unaffiliated eligible elector may, but is not required to, declare a political party affiliation when the elector desires to vote at a primary election."

7.   Section 1-4-101(2)(b) of the Colorado Revised Statutes mandates that, for political parties entitled to participate in a primary election, primary election ballots be provided to "unaffiliated electors," who are then able to choose to vote in a party primary election without

affiliating with that party.

8.  Section 1-4-104 of the Colorado Revised Statutes provides that "[c]andidates voted on for offices at primary elections who receive a plurality of the votes cast shall be the respective party nominees for the respective offices."

9.  Section 1-7-201(2.3) of the Colorado Revised Statutes provides that "[a]n eligible unaffiliated elector … is entitled to vote in the primary election of a major political party without affiliating with that political party."

10. As of July 2, 2023, there are 931,102 registered active Republican voters, 1,052,739 registered active Democrat voters, and 1,812,690 active unaffiliated voters in Colorado.  Because ballots are cast anonymously, it is impossible to determine the precise extent to which unaffiliated voters voting in Republican primary elections would hand, indeed have handed, the nomination to someone who did not receive a majority or even plurality of votes from Republican Party members, thereby placing the Party's imprimatur on a candidate without majority or even plurality support from the Party's members.  Sources cited below indicate this has been happening.  Statewide and county-by-county voter statistics by party registration are available on the official Colorado Secretary of State website at https://www.coloradosos.gov/pubs/elections/VoterRegNumbers/2023/June/VotersByPartyStatus. pdf.

11. Section 1-2-201(b)(IV) of the Colorado Revised Statutes permits a voter to affiliate with a political party by registering to vote at any time, including on election day.

12. Section 1-2-202.5 permits a voter to change or withdraw his or her political affiliation by completing an online electronic form no later than 29 days before the election (current

4

version) or 22 days before the election (version effective March 1, 2022).

13. Unaffiliated voters have in the past been encouraged to vote in Republican primaries to defeat candidates preferred by Republican Party voters. *See, e.g.*, Brenda Freeburn, "Make Boebert one-term," Letter to the Editor, Aspen Daily News (Feb. 2, 2022), attached hereto as Exhibit 1; Jesse Paul, "Unaffiliated voters this year cast more ballots in Colorado Republican primaries than ever before," The Colorado Sun (July 5, 2022) (describing "a loosely organized effort to get Democrats to switch their voter affiliation to unaffiliated to cast ballots in the Republican primary" in the 3rd Congressional District "as part of an unsuccessful effort to block U.S. Rep. Lauren Boebert from winning a second term"), attached hereto as Exhibit 2.

14. The number of unaffiliated voters voting in Republican primaries has more than doubled in the last three election cycles, from 105,033 in 2018 to 246,341 in 2022, as reflected in the following graph:



15. The number of unaffiliated voters voting in the Republican primary in 2022 (246,341) far exceeded the margin of victory in each of the three contested statewide races. The margin for the

U.S. Senate race between Joe O'Dea and Ron Hanks was 56,577; that for Governor between

Heidi Ganahl and Greg Lopez was 48,970; that for Secretary of State between Pam Anderson

and Tina Peters was 88,579.[2]

16. On information and belief, the number of unaffiliated voters voting in Republican

primary elections in several of the contested legislative districts exceeded the margins of victory

in those districts.

17. On information and belief, unaffiliated voters have had an outcome-determinative impact

on at least some prior Republican primary elections. *See*, *e.g.*, Ex. 2 ("Unaffiliated voters were

the deciding factor in some counties' GOP primaries").

18. Political parties may "opt out" of the open primary election mandated by Proposition

108 "if at least three-fourths of the total membership of the party's state central committee

votes to use the assembly or convention nomination process." Colo. Rev. Stat. § 1-4-702(1).

An opt-out vote is valid only for the next primary election and must be repeated for every

biennial election cycle. *Id.*

19. Proposition 108 is a burden on the exercise of the right of Freedom of Association

because it does not provide a political party with an unbiased, even-handed choice between an

open primary election and another candidate selection method. Rather, it makes an open

primary automatic and places significant burdens on the political party to escape the open

primary. Accordingly, the absence of a party's vote to "opt out" of an open primary is not a

"choice;" it is an absence of a choice.

---

[2] https://www.coloradosos.gov/pubs/elections/Results/2022/StatePrimaryAmendedAbstract.pdf,
pp. 22, 26, 27.

20. Proposition 108 imposes the additional undue burden of preventing a major political party from nominating a candidate at a state-run primary election in which only party members are authorized to vote.  Thus, it deprives a party of access to experienced election officials and election infrastructure at state expense for the conduct of a primary election in which only party members participate, while making such resources available for an open primary election and for minor parties electing to have a closed primary.

21. By requiring a ¾ vote of the total membership of the State Central Committee, the opt-out provision of Section 1-4-702 imposes and, on information and belief, was designed to impose, an undue burden on the Party and its members to determine for itself the method of choosing its nominees.  *Cf.* Robert's Rules of Order ("In prescribing the vote necessary for the adoption of an amendment, the expression "a vote of two-thirds of the members" should never be used in ordinary societies, especially in large organizations with quorums smaller than a majority of the membership, as in such societies it is seldom that two-thirds of the members -- that is, two-thirds of the entire membership -- is ever present at a meeting.").  That the ¾ vote of total membership is intended as a burden on the exercise of the right of Freedom of Association is apparent from the fact that the scheme of Proposition 108 does not require such a super-majority vote to elect into an open primary.

22. Proposition 108 further burdens the exercise of the right of Freedom of Association by imposing a specific voting requirement rather than leaving it to the political party to determine the vote required to select a method of candidate selection, as political parties generally do in their bylaws.

23. Proposition 108 further burdens the exercise of Freedom of Association by requiring a

7

political party to "opt out" of each primary election individually rather than allowing a permanent "opt out" or one that is in effect until rescinded by the party.

24. By limiting a political party that succeeds in meeting the super-majority requirement to "opt-out" of the Proposition 108 open primary to only two alternatives, namely, nomination by convention or assembly, the opt-out provision of CRS Section 1-4-702 unconstitutionally interferes with the internal operations of the party and constrains the party and its members from choosing its nominees by a primary election at which only party members are eligible to vote.

25. The unconstitutionality of the provisions of Proposition 108 is apparent when considering not merely the individual burdens it imposes, but the cumulative burdens detailed in the above paragraphs.  No more than common sense is required to conclude that Proposition 108 entails an intentional series of obstacles whose cumulative effect is to prevent major political parties from selecting their nominees through primary elections in which only party members participate.

26. Republican State Central Committee members voted unanimously at the Party's annual State Central Committee meeting held on September 18, 2021, to authorize the "Republican Party of Colorado, its members, or both" to bring lawsuit challenging the constitutionality of Proposition 108. Resolution, attached hereto as Exhibit 3.

27. In early 2022, a group of party members formed an unincorporated association to bring a lawsuit challenging the constitutionality of Proposition 108, as authorized by the September 18, 2021 resolution.  *See PARABLE et al. v. Griswold*, No. 1:22-cv-00477 (D. Colo., filed Feb. 24, 2022).

28. The District Court held that individual party members lacked standing to pursue the first 4 and part of the 5th of the 5 counts raised in the complaint, holding that "[o]nly the CRP has standing to defend its rights…." *PARABLE*, Order of Dismissal, at 9.

29. The Plaintiff here *is* the Party, whose non-appearance in the *Parable v. Griswold* litigation was held by the Court to be dispositive on the Plaintiffs' lack of standing in that case.

30. Plaintiff seeks preliminary and permanent injunctive relief enjoining Defendant, her agents, servants, employees and those acting in active concert and with actual notice thereof, from enforcing Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), and from violating Plaintiff's and its members' First and Fourteenth Amendment rights of free speech, free association, and the equal protection of the laws as guaranteed by the United States Constitution.

31. Plaintiff also prays for a declaratory judgment to determine the constitutionality of Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), and Defendant's actions in denying Plaintiff and its members the opportunity to exercise their Constitutional rights, and to declare Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), both on their face and as applied, unconstitutional as a direct violation of the First and Fourteenth Amendments to the United States Constitution.

32. An actual controversy exists between the parties involving substantial Constitutional issues in that Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), on their face and as applied, violate the United States Constitution.

**COUNT 1**
**(VIOLATION OF FIRST AMENDMENT FREEDOM**
**OF ASSOCIATION BY OPEN PRIMARY LAW)**

33. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 32.

34. The Supreme Court has recognized "as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).

35. The "freedom of association … plainly presupposes a freedom not to associate." *Roberts*, 468 U.S. at 623.

36. The Right of Free Association protected by the First Amendment to the United States Constitution and incorporated and made applicable to the States via the Fourteenth Amendment prohibits Defendant from abridging Plaintiff's right of free association by forcing it to allow unaffiliated voters – people who by definition are not part of Plaintiff's political association – to vote in the primary election that determines Plaintiff's nominees for political office. *See California Democratic Party v. Jones*, 530 U.S. 567 (2000).

37. Proposition 108 expressly declared that its purpose was to "encourage candidates who are responsive to the viewpoints of more Coloradans," thereby acknowledging that it was designed to alter the political expression of political parties and, collectively, their members.

38. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3), to the extent they require major political parties to allow unaffiliated voters to vote in their primary elections, on their face and as applied, are a

severe burden on Plaintiff's freedom of association and that of its members.

39. The opt-out provision of Colo. Rev. Stat. Section 1-4-702 does not alleviate the burden on Plaintiff's freedom of association for at least six reasons:  First, the requirement that opt-out is only permitted upon a ¾ vote of the entire State Central Committee membership is itself an undue burden, allowing a small minority of the Party's members to thwart the will of the majority of the Party's members; Second, the state's imposing a super-majority vote requirement rather than leaving it to the party to determine its voting requirement is an undue burden; Third, the state's making an open primary the default rather than permitting the party to select from alternatives by comparable methods (e.g., a majority vote in favor of one alternative over others) is an undue burden; Fourth, even were the Party to achieve the super-majority requirement necessary to opt-out of Proposition 108's open primary, Section 1-4-702 unconstitutionally restricts the Party to choosing its nominees by convention or assembly, thus depriving it from allowing all of its active registered voters from participating in the choosing of the Party's nominee through a state-run primary election limited to voters affiliated with the Party, an election in which state resources are available as they are in an open primary and as they are to minor political parties electing to hold a closed primary;  Fifth, CRS section 1-4-702 requires a party to confront the question of opting out of an open primary for every primary rather than making a more lasting decision; and Sixth, in addition to the undue burden imposed by each of the above individually, the cumulative effect of these burdens is also undue.

40. By excluding Plaintiff from its primary election system unless Plaintiff waives its constitutional right to exclude unaffiliated voters from its nomination process, Colorado has unduly deprived Plaintiff of an otherwise available benefit—the use of the State's election

11

infrastructure and resources—which is an unconstitutional condition on Plaintiff's exercise of constitutional rights.

41. There is no compelling or even legitimate government interest sufficient to justify Defendant's actions in applying Proposition 108, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), to the major political parties in the State, including Plaintiff CRP.

42. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), on their face and as applied, are not narrowly tailored to serve any compelling government interest, or even reasonably related to serve a legitimate government interest.

43. Plaintiff has no adequate remedy at law to correct the continuing deprivation of its constitutional right to free association.

44. Defendant either knows, or should know, that Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3), are a blatant violation of Plaintiff's constitutional right to free association.

45. As a direct and proximate result of Defendant's continuing violations of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-

218.5(2), 1-4-101(2)(b), 1-4-104, 1-4-702, and 1-7-201(2.3).

**COUNT 2**
**(VIOLATION OF FIRST AMENDMENT FREEDOM**
**OF ASSOCIATION BY OPT-OUT PROVISION)**

46. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 32.

47. The Supreme Court has recognized "as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).

48. The freedom of association is unconstitutionally burdened by Government's "intrusion into the internal structure or affairs of an association." *Roberts*, 468 U.S. at 623.

49. "Freedom of association … encompasses a political party's decisions about the identity of, and the process for electing, its leaders." *Eu v. San Francisco Cty. Democratic Cent. Comm*., 489 U.S. 214, 229 (1989).

50. The Right of Free Association protected by the First Amendment to the United States Constitution and incorporated and made applicable to the States via the Fourteenth Amendment, prohibits Defendant from abridging Plaintiff's right of free association by limiting the procedures for choosing the Party's nominees to a convention or assembly caucus in the unlikely event the Party meets the supermajority requirement of Section 1-4-702 to opt out of Proposition 108's Open Primary system.

51. Colo. Rev. Stat. Section 1-4-702, on its face and as applied, is a severe burden on Plaintiff's freedom of association for at least six reasons:  First, the requirement that opt-out is

13

only permitted upon a ¾ vote of the entire State Central Committee membership is itself an undue burden, allowing a small minority of the Party's members to thwart the will of the majority of the Party's members; Second, the state's imposing a super-majority vote requirement rather than leaving it to the party to determine its voting requirement is an undue burden; Third, the state's making an open primary the default rather than permitting the party to select from alternatives by comparable methods (e.g., a majority vote in favor of one alternative over others) is an undue burden; Fourth, even were the Party to achieve the super-majority requirement necessary to opt-out of Proposition 108's open primary, Section 1-4-702 unconstitutionally restricts the Party to choosing its nominees by convention or assembly, thus depriving it from allowing all of its active registered voters from participating in the choosing of the Party's nominee through a state-run primary election limited to voters affiliated with the Party, an election in which state resources are available as they are in an open primary and as they are to minor political parties electing to hold a closed primary;  Fifth, CRS section 1-4-702 requires a party to confront the question of opting out of an open primary for every primary rather than making a more lasting decision; and Sixth, in addition to the undue burden imposed by each of the above individually, the cumulative effect of these burdens is also undue.

52. There is no compelling or even legitimate government interest sufficient to justify Defendant's actions in applying Colo. Rev. Stat. Section 1-4-702 to Plaintiff.

53. Colo. Rev. Stat. Section 1-4-702, on its face and as applied, is not narrowly tailored to serve any compelling government interest, or even reasonably related to serve a legitimate government interest.

54. Plaintiff has no adequate remedy at law to correct the continuing deprivation of its

constitutional right to free association.

55. Defendant either knows, or should know, that Colo. Rev. Stat. Section 1-4-702 is a blatant violation of the Plaintiff's constitutional right to free association.

56. As a direct and proximate result of Defendant's continuing violations of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Colo. Rev. Stat. Section 1-4-702.

## COUNT 3
## (FIRST AMENDMENT FREEDOM OF SPEECH)

57. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 32.

58. The Right of Free Speech protected by the First Amendment to the United States Constitution and incorporated and made applicable to the States via the Fourteenth Amendment, prohibits Defendant from abridging Plaintiff's right of free speech by forcing its political association to deem as its nominee for office a candidate chosen in an open primary election in which unaffiliated voters are allowed to participate.

59. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections and thereby to determine which candidate will be designated as

15

the major party nominee, on their face and as applied, are a severe burden on Plaintiff's right of free speech.

60. There is no compelling or even legitimate government interest sufficient to justify Defendant's actions in applying Proposition 108, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3), to Plaintiff.

61. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, on their face and as applied, are not narrowly tailored to serve any compelling government interest, or even reasonably related to serve a legitimate government interest.

62. Plaintiff has no adequate remedy at law to correct the continuing deprivation of its constitutional right to free speech.

63. Defendant either knows, or should know, that Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, are a blatant violation of Plaintiff's constitutional right to free speech.

64. As a direct and proximate result of Defendant's continuing violations of Plaintiff's rights, Plaintiff has in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from

16

enforcing Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in Republican primary elections.

**COUNT 4**
**(FOURTEENTH AMENDMENT EQUAL PROTECTION/VOTE DILUTION)**

65. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 32.

66. The Right to the Equal Protection of the Laws protected by the Fourteenth Amendment to the United States Constitution prohibits States from diluting the weight to be accorded to a person's vote, *Reynolds v. Simms*, 377 U.S. 533, 568 (1964), including votes cast by members of a political party in that party's primary election.

67. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, on their face and as applied, dilute the votes cast by Plaintiff's members when the party has not determined for itself to permit voting by those who are not affiliated with, and have deliberately chosen not to affiliate with, the party.

68. There is no compelling or even legitimate government interest sufficient to justify Defendant's actions enforcing Proposition 108, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections and thereby dilute the votes of Plaintiff's members.

69. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in

major party primary elections and thereby dilute the votes of Plaintiff's members, on their face and as applied, are not narrowly tailored to serve any compelling government interest, or even reasonably related to serve a legitimate government interest.

70. Plaintiff has no adequate remedy at law to correct the continuing deprivation of the constitutional right not to have their votes of its members diluted.

71. Defendant either knows, or should know, that Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections, are a blatant violation of the constitutional rights of Plaintiff's members not to have their votes diluted.

72. The purpose of Proposition 108 was to allow unaffiliated voters to participate in a major political party's primary elections, thereby diluting the votes of Party members in choosing their own party's nominee.

73. As a direct and proximate result of Defendant's continuing violations of the rights of Plaintiff and its members, Plaintiff and its members have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104, and 1-7-201(2.3) to the extent they allow unaffiliated voters to vote in major party primary elections.

**COUNT 5**
**(FOURTEENTH AMENDMENT EQUAL PROTECTION)**

74. Plaintiff hereby reiterates and adopts each and every allegation in the preceding paragraphs numbered 1 through 32.

75. The Right to the Equal Protection of the Laws protected by the Fourteenth Amendment to the United States Constitution prohibits States from treating some political parties and their members differently than other political parties and their members without good cause related to compelling or even legitimate governmental interests.

76. Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), treat major political parties and their members differently than minor political parties and their members, without good cause.  Pursuant to Sections 1-4-101(2)(b) and 1-7-201(2.3), voters affiliated with major political parties are not permitted to participate in a primary election to choose their party's nominees without their votes being diluted by unaffiliated voters.  But, pursuant to Section 1-4-1304, voters affiliated with minor political parties are permitted to participate in a primary election to choose their party's nominees without dilution of their votes by unaffiliated voters.  That differential treatment infringes upon the fundamental voting rights of major political parties and the voters[3] affiliated with them in violation of the Equal Protection Clause of the Fourteenth Amendment, both on its face and as applied.

---

[3] Most of the Counts in the *PARABLE* action were dismissed *without prejudice* for lack of standing.  *PARABLE*, Judgment at 1-2 (Apr. 15, 2022).  The *PARABLE* Court dismissed with prejudice the equal protection claim of individual voters on the merits rather than on jurisdictional grounds, however.  It is re-asserted here to preserve it for any possible appeal now that the jurisdictional defects identified by the court to the remainder of the complaint have been cured.

77. There is no compelling or even legitimate government interest sufficient to justify Defendant's actions treating major political parties and their affiliated voters differently from minor political parties and their affiliated voters in the context of compelling association with unaffiliated voters in the choosing of a political party's nominees.

78. The differential treatment of major political parties and their affiliated voters, as compared with minor political parties and their affiliated voters, which is mandated by Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), facially and as applied, is not narrowly tailored to serve any compelling government interest, or even reasonably related to serve a legitimate government interest.

79. Plaintiff has no adequate remedy at law to correct the continuing deprivation of the constitutional right to the equal protection of the law guaranteed to it and its members.

80. Defendant either knows, or should know, that the differential treatment imposed by Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-4-101(2)(b), § 1-4-1304, and 1-7-201(2.3), is a blatant violation of the constitutional right to the equal protection of the law of Plaintiff and its members.

81. As a direct and proximate result of Defendant's continuing violations of the rights of Plaintiff and its members, Plaintiff and its members have in the past and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

WHEREFORE, Plaintiff respectfully prays that the Court grant the declaratory and permanent injunctive relief set forth herein and issue an Order enjoining Defendant from enforcing Proposition 108, in whole or in part, including Colo. Rev. Stat. Sections 1-4-

101(2)(b), § 1-4-1304, and 1-7-201(2.3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.  That this Court issue a Preliminary and Permanent Injunction, enjoining Defendant, Defendant's officers, agents, employees and all other persons acting in active concert with them, from enforcing Proposition 108, including Colo. Rev. State Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104,1-4-702, and 1-7-201(2.3), in whole or in part, against Plaintiff, and affording to Plaintiff the same right that is available to minor political parties under CRS § 1-4-1304(1.5)(c) to notify the Secretary of State by April 11, 2024, that it wishes to prohibit unaffiliated electors from voting in its primary election.

B.  That this Court render a Declaratory Judgment declaring Proposition 108, including Colo. Rev. State Sections 1-2-218.5(2), 1-4-101(2)(b), 1-4-104,1-4-702, and 1-7-201(2.3), in whole or in part, unconstitutional under the United States Constitution, on their face and as applied to Plaintiff; and, this Court render a Declaratory Judgment declaring that major political parties have the authority to limit the primary election for choosing their nominees to eligible voters who have chosen to affiliate with that party as minor parties are permitted to do under Colo. Rev. Stat. Section § 1-4-1304.

C.  That this Court adjudge, decree and declare the rights and other legal relations of the parties, in order that such declaration shall have the force and effect of final judgment;

D.  That this Court retain jurisdiction of this matter for purpose of enforcing this Court's order;

21

E.  That this Court award Plaintiff the reasonable attorneys' fees, costs, and expenses of
    this action in accordance with 42 U.S.C. § 1988;

F.  That this Court grant such other and further relief as this Court deems equitable and just
    under the circumstances.

Respectfully Submitted,

/s/ John C. Eastman
John C. Eastman
Anthony T. Caso
CONSTITUTIONAL COUNSEL GROUP
1628 N Main St #289
Salinas, CA 93906
Telephone: (909) 257-3869
FAX:  (714) 844-4817
E-mail: jeastman@ccg1776.com

Randy B. Corporon
D. Beth Chambers
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

*Attorneys for Plaintiff*
Colorado Republican Party
5950 S. Willow Drive, Suite 210
Greenwood Village, CO 80111