IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01948-PAB-KAS

COLORADO REPUBLICAN PARTY,
an unincorporated nonprofit association, on behalf of itself and its members,

Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

Defendant.

## ANSWER

Defendant Jena Griswold, in her official capacity as Colorado Secretary of State, answers the allegations in the Complaint as follows:

### NATURE OF THE CASE

1. Deny.

### JURISDICTION AND VENUE

2. Defendant admits that, if Plaintiff has standing, the cited provisions of law confer subject matter jurisdiction. Defendant admits venue is proper in this district. Defendant denies Plaintiff is entitled to the declaratory and injunctive relief it seeks and otherwise denies the remaining allegations in Paragraph 2.

3. Admit that the Colorado Republican Party is a major political party under Colorado law. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3, and so denies them.

4. Admit.

## FACTS AND LEGAL AUTHORITY

5. The allegations in Paragraph 5 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

6. The allegations in Paragraph 6 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this this paragraph accurately quotes the cited statute.

7. The allegations in Paragraph 7 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited statute.

9. The allegations in Paragraph 9 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10. Defendant admits the cited website states that as of July 2, 2023, there are 931,102 registered active Republican voters, 1,052,739 registered active Democrat voters, and 1,812,690 active unaffiliated voters in Colorado. Defendant admits that statewide and county-by-county voter statistics by party registration are available on the Secretary's website. Defendant denies the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

12. The allegations in Paragraph 12 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and so denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and so denies them.

15. Defendant admits the figures recited in Paragraph 15 appear at the cited webpage. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and so denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and so denies them.

18. The allegations in Paragraph 18 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited statute in part and denies the remaining allegations of Paragraph 18.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, and so denies them.

27. Defendant admits an unincorporated association filed a lawsuit, captioned *PARABLE et al. v. Griswold*, No. 1:22-cv-004477 (D. Colo.), on February 24, 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 27, and so denies them.

28. Deny.

29. Deny.

30. The allegations in Paragraph 30 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

31. The allegations in Paragraph 31 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

32. The allegations in Paragraph 32 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

## COUNT 1
### (VIOLATION OF FIRST AMENDMENT FREEDOM OF ASSOCIATION BY OPEN PRIMARY LAW)

33. Defendant reasserts her responses in the preceding paragraphs as if fully set forth herein.

34. The allegations in Paragraph 34 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited case.

35. The allegations in Paragraph 35 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited case.

36. The allegations in Paragraph 36 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

### COUNT 2
### (VIOLATION OF FIRST AMENDMENT FREEDOM OF ASSOCIATION BY OPT-OUT PROVISION)

46. Defendant reasserts her responses in the preceding paragraphs as if fully set forth herein.

47. The allegations in Paragraph 47 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited case.

48. The allegations in Paragraph 48 are legal contentions to which no response is required. To the extent a response is required, Defendant denies them.

49. The allegations in Paragraph 49 are legal contentions to which no response is required. To the extent a response is required, Defendant admits this paragraph accurately quotes the cited case.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

### COUNT 3
### (FIRST AMENDMENT FREEDOM OF SPEECH)

57. Defendant reasserts her responses in the preceding paragraphs as if fully set forth herein.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

## COUNT 4
### (FOURTEENTH AMENDMENT EQUAL PROTECTION/VOTE DILUTION)

65. Defendant reasserts her responses in the preceding paragraphs as if fully set forth herein.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

## COUNT 5
### (FOURTEENTH AMENDMENT EQUAL PROTECTION)

74. Defendant reasserts her responses in the preceding paragraphs as if fully set forth herein.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

## GENERAL DENIAL

Defendant denies any allegations not specifically admitted above. Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, for which Defendant does not concede that she bears the burden of persuasion or proof:

1. Plaintiff lacks standing.

2. The Complaint fails to state a claim for which relief can be granted.

3. Plaintiff unreasonably delayed in bringing this action, thus foreclosing relief under laches and/or the *Purcell* doctrine.

4. Defendant reserves the right to raise additional affirmative defenses.

Dated: October 17, 2023.

                                    PHILIP J. WEISER
                                    Attorney General

                                  */s/ Kyle M. Holter*
                                  GRANT T. SULLIVAN, No. 40151*
                                  Assistant Solicitor General
                                  EMILY BURKE BUCKLEY, No. 43002*
                                  Senior Assistant Attorney General
                                  KYLE M. HOLTER, No. 52196*
                                  Assistant Attorney General
                                  Public Officials Unit | State Services Section
                                  Ralph L. Carr Colorado Judicial Center

1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720.508.6349; 720.508.6403; 720.508.6150
grant.sullivan@coag.gov;
emily.buckley@coag.gov;
kyle.holter@coag.gov

*Attorneys for Defendant Jena Griswold, in her official capacity as Colorado Secretary of State*
*Counsel of Recor

### CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I served a true and complete copy of the foregoing **ANSWER** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

| | |
|---|---|
| John C. Eastman<br>Anthony T. Caso<br>Constitution Counsel Group<br>1628 N Main St #289<br>Salinas, CA 93906<br>jeastman@ccg1776.com<br>atcaso@ccg1776.com | Randy B. Corporon<br>D. Beth Chambers<br>Law Offices of Randy B. Corporon, P.C.<br>2821 S Parker Rd, Ste 555<br>Aurora, CO 80014<br>rbc@corporonlaw.com<br>dbc@corporonlaw.com |

*/s/ Carmen Van Pelt*

9