IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01948-PAB-KAS

COLORADO REPUBLICAN PARTY,
an unincorporated nonprofit association, on behalf of itself and its members,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of Scheduling Conference: November 2, 2023

Counsel for Plaintiff COLORADO REPUBLICAN PARTY

John C. Eastman
Anthony T. Caso
CONSTITUTION COUNSEL GROUP
1628 N Main St #289
Salinas, CA 93906
(909) 257-3869

Randy B. Corporon
D. Beth Chambers
LAW OFFICES OF RANDY B. CORPORON, P.C.
2821 S Parker Rd, Ste 555
Aurora, CO 80014
(303) 749-0062

Counsel for Defendant JENA GRISWOLD

Grant T. Sullivan, Assistant Solicitor General
Emily Burke Buckley, Senior Assistant Attorney General
Kyle M. Holter, Assistant Attorney General
Public Officials Unit | State Services Section
Ralph L. Carr Colorado Judicial Center

1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720.508.6349; 720.508.6403; 720.508.6150

## 2. STATEMENT OF JURISDICTION

a. Plaintiff: This Court has jurisdiction over the claims asserted pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343.

b. Defendant: Defendant agrees that the Court would have subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 if Plaintiff satisfies its burden of proving standing. Defendant does not concede that Plaintiff has standing.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:   Plaintiff, the Colorado Republican Party, contends that the Colorado Open Primary Law (Proposition 108) and its implementing statutes violate its First Amendment rights (and those of its members) to Freedom of Association (Count 1) and Freedom of Speech (Count 3), by forcing it to allow unaffiliated voters to participate in the primary election at which it chooses its nominees for office.  Plaintiff also contends that the so-called "opt-out" provision of Proposition 108 intrudes on its internal structure or affairs and is therefore a violation of Plaintiff's First Amendment Freedom of Association rights (Count 2).  Plaintiff further contends that Proposition 108 violates the Fourteenth Amendment's Equal Protection Clause by diluting the votes of its members in the choosing of the party's nominee for office (Count 4) and by treating it and its members differently than minor parties and their members (Count 5).

b. Defendant: Proposition 108 provides major political parties with the choice between participating in Colorado's semi-open primary or opting out, and therefore Colorado law neither

abridges Plaintiff's or its members' speech, forces them to associate with unaffiliated voters, nor dilutes their votes. Its "opt out" provisions, including the three-fourths voting threshold, are reasonable procedural rules with insubstantial impact on Plaintiff's internal processes. Any slight burdens imposed by Colorado's semi-open primary system, as well as its distinction between major and minor political parties, are justified by Colorado's important interests in, among other things, preserving the integrity of the nominating process, promoting fairness, allowing parties to increase voter participation, and ensuring stability and administrative efficiency in elections.

c. Other Parties: There are no other parties to this litigation.

4. **UNDISPUTED FACTS**

Plaintiff: Plaintiff provided an extensive set of proposed undisputed facts to Defendant on October 13, 2023. Defendant has not yet responded or provided a counter proposal.

Defendant: The parties are conferring regarding potential stipulated facts. They will work together to arrive at agreement as much as possible and, if agreement is reached, will submit a statement of undisputed facts.

*[handwritten annotation: Parties' Supplement with uncompiled Facts = due November 9, 2023.]*

5. **COMPUTATION OF DAMAGES**

There is no plea for damages contained in the complaint.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. **Date of Rule 26(f) meeting:** October 5, 2023

b. **Names of each participant and party he/she represented.**

John Eastman and Randy Corporon, representing Plaintiff Colorado Republican Party

Grant Sullivan and Kyle Holter, representing Defendant Jena Griswold

3

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties exchanged Rule 26(a)(1) disclosures on October 19, 2023.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

The parties do not propose any changes in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)(C). Initial disclosures were provided by each party by October 19, 2023 – 14 days following the Rule 26(f) conference held on October 5, 2023.

**e. Statement concerning any agreements to conduct informal discovery:**

The parties do not anticipate conducting informal discovery or conducting joint interviews of witnesses.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

As noted above, the parties are conferring on a potential stipulation of facts.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed settlement and neither believes that settlement is possible in this matter, which is a binary dispute as to whether Proposition 108 and its implementing statutes are constitutional or unconstitutional.

7. **CONSENT**

All parties ☐ [~~have~~] ■ [**have not**] consented to the exercise of jurisdiction of a magistrate judge.

8. **DISCOVERY LIMITATIONS**

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** 6 depos/side, exclusive of experts.

The parties do not anticipate the need to request additional depositions or interrogatories than the number permitted by the Federal Rules. 25 Reqs/side.

**b. Limitations which any party proposes on the length of depositions.**

The parties do not propose to modify the length of depositions authorized by the Federal Rules. 1 day, 7 hours

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.** ✓

The parties do not anticipate proposing more than 25 requests for production or more than 25 requests for admission. ✓

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

*Plaintiff*: November 15, 2023

*Defendant*: April 11, 2024 (45 days prior to May 26, 2024) ✓

5

**e. Other Planning or Discovery Orders**

*Plaintiff*: Plaintiff proposes (1) that the time permitted by Rules 30((b)(2) and 36(a)(3) to respond to interrogatories and requests for admission be reduced to 15 days; (2) that the deadline for concluding depositions (other than expert depositions) shall be December 15, 2023; (3) that the deadline for concluding depositions of Experts shall be January 5, 2024; (4) that the deadline for filing dispositive motions shall be January 15, 2024; and (5) that a trial date, if any is required, shall be set to begin no later than March 18, 2024.

*Defendant*: With the exception of those proposed below in the Case Plan and Schedule, Defendant does not propose any additional planning or discovery orders.

## 9. CASE PLAN AND SCHEDULE

*Plaintiff*: This case largely, or at the very least primarily, presents pure issues of law that can be resolved expeditiously in order to avoid intruding on the 2024 primary election schedule. At most, one or two experts on each side and a few fact witnesses will be required. Plaintiff has therefore proposed, reflected in paragraph 8(e) above, an expedited schedule for discovery and dispositive motions. Because these are the same issues that have already been addressed by Defendant and by counsel for Plaintiff in the prior, parallel case of *PARABLE v. Griswold*, Plaintiff does not believe that the expedited schedule it has proposed will be an undue burden on either party.

*Defendant*: Defendant, Colorado's Secretary of State, intends to vigorously defend the constitutionality of Proposition 108 on both jurisdictional and merits grounds. The Secretary proposes a seven-month discovery window, concluding on May 26, 2024, for three reasons:

*First*, as set forth in this draft scheduling order, the Secretary's defense of Proposition 108 will require the deposition of numerous fact witnesses, the retention and development of expert testimony, and the preparation of dispositive motions on some or all of Plaintiffs' five constitutional claims. Plaintiff's highly expedited case schedule—including a discovery period of only fifty days, the filing of dispositive motions in fewer than twelve weeks, and a trial set to begin in fewer than six months—does not allow a reasonable amount of time to conduct the discovery and trial preparation appropriate in a case of statewide significance. Merely identifying, retaining, and preparing the initial reports of experts in these specialized fields could consume the entirety of Plaintiff's proposed fifty-day window, to say nothing of deposing other witnesses, responding to discovery requests, or rebutting the reports of opposing experts.

*Second*, the Secretary's defense of this case will demand a significant investment of time from counsel and staff for Colorado's Secretary of State in one of the office's busiest periods given its role in administering the State's upcoming coordinated election and Colorado's two primary elections occurring in the first half of 2024. Defendants' undersigned counsel comprise one-half of the small team of election law specialists who will be in "all-hands-on-deck" triage leading up to April 2024, handling the spate of highly expedited primary ballot access litigation filed in March. This election cycle's deadline to certify all ballot content for the June 25, 2024 primary election is April 26, 2024. By way of illustration, the first of seven ballot access lawsuits in the 2022 election cycle was filed in the Denver District Court on March 9, 2022, and the last pending lawsuit was resolved by the Colorado Supreme Court on April 29, 2022.

*Third*, the motivating factor behind Plaintiff's unreasonably expedited proposal is a desire to secure a dispositive ruling from this Court before April 26, 2024—the deadline for the

7

Secretary of State to certify final ballot design under C.R.S. § 1-5-203(1)—to address Plaintiff's concern that the *Purcell* doctrine will counsel restraint in light of Colorado's upcoming primaries and coordinated election. But if Plaintiff desires expedited relief from this Court, the federal rules supply the appropriate procedural mechanism: a motion for preliminary injunction. Plaintiff has not filed such a motion, and no authority permits a party to obtain its benefits—a highly expedited hearing—while evading the requirements of F.R.C.P. 65.

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

December 2, 2023 (30 days after November 2, 2023)

**b. Discovery Cut-off:**

*Plaintiff*: December 15, 2023

*Defendant*: May 26, 2024 ✓

**c. Dispositive Motion Deadline:**

*Plaintiff*: January 15, 2024 ✓

*Defendant*: June 25, 2024 (30 days from May 26, 2024)

**d. Expert Witness Disclosure**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

*Plaintiff:* Plaintiff anticipates potential expert testimony on the subject of the impact to candidates and Republican voters of unaffiliated voters participating in Republican primary elections. It also anticipates expert testimony addressing the governmental interests asserted or to be asserted by Defendant, and addressing voting thresholds mandated by the opt-out provision of Proposition 108.

*Defendant:* Defendant anticipates potential expert testimony on the subjects of (1) Colorado's interests in establishing the semi-open primary system under Proposition 108 including protecting and preserving the integrity of the nominating process, promoting fairness, increasing voter participation, and ensuring stability and administrative efficiency; and (2) the implementation of voting thresholds in the decision-making processes of political parties (i.e., majority requirements versus supermajority requirements) and the relative advantages thereof.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The Parties propose limiting the number of expert witnesses to no more than 4 experts each. *[handwritten: or fewer]*

**3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ____.**

*Plaintiff*: December 1, 2023

*Defendant*: March 15, 2024 (72 days prior to May 26, 2024)

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ____.**

*Plaintiff*: December 15, 2023

*Defendant*: April 26, 2024 (30 days prior to May 26, 2024)

**e. Identification of Persons to Be Deposed:**

*Plaintiff:* Plaintiff anticipates deposing Defendant Jena Griswold, and anticipates the deposition will last one day. To the extent necessary, Plaintiff anticipates deposing a 30(b)(6) witness for the Office of the Secretary of State. Plaintiff also anticipates deposing any expert

witnesses identified by Defendant. Plaintiff reserves the right to identify other persons to be deposed after review of Defendant's answer.

*Defendant:* Defendant anticipates deposing a 30(b)(6) witness for the Colorado Republican Party, members of the Colorado Republican Party and State Central Committee, and any expert witnesses identified by Plaintiff. Defendant estimates that each of these depositions will last one day.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. A final pretrial conference will be held in this case on __January 6, 2025__ at o'clock __10 am__. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties' differing views on discovery and scheduling are set forth in the paragraphs above.

b. Anticipated length of trial and whether trial is to the Court or jury.

*Plaintiff:* Plaintiff contends that this case presents pure issues of law and that, as a result, no trial will be necessary. If there are a few factual disputes that need to be resolved, Plaintiff anticipates a trial of no more than five days. — length to be determined at final pretrial conference.

*Defendant:* Defendant believes that Plaintiff's challenge to Proposition 108 should be resolved through a trial to the Court and anticipates that a bench trial may last seven days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The Parties do not propose conducting any of the pretrial proceedings in locations other than the District Court's facilities in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). *[handwritten: Mag. J. Varnella's discovery dispute procedures]*

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

Per the local rules, this scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _2nd_ day of _November_, 2023.

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

APPROVED:

/s/ John C. Eastman
John C. Eastman
Anthony T. Caso
CONSTITUTIONAL COUNSEL GROUP
1628 N Main St #289
Salinas, CA 93906
Telephone: (909) 257-3869
FAX: (714) 844-4817
E-mail: jeastman@ccg1776.com

Randy B. Corporon
D. Beth Chambers
LAW OFFICES OF RANDY B. CORPORON P.C.
2821 S. Parker Road, Suite 555
Aurora, CO 80014
Telephone: (303) 749-0062
FAX: (720) 836-4201
E-mail: rbc@corporonlaw.com

*Attorneys for Plaintiff*

s/ *Kyle M. Holter*
Emily Buckley, Assistant Attorney General
Grant T. Sullivan, Assistant Solicitor General
Kyle M. Holter, Assistant Attorney General
Public Officials Unit / State Services Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Tel: 720 508-6403 (Buckley) / 6349 (Sullivan) / 6150 (Holter)
E-Mail: emily.buckley@coag.gov; grant.sullivan@coag.gov; kyle.holter@coag.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Grant T. Sullivan, grant.sullivan@coag.gov
Emily Burke Buckley, emily.buckley@coag.gov
Kyle M. Holter, kyle.holter@coag.gov

/s/ John C. Eastman