IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01948-PAB-KAS

COLORADO REPUBLICAN PARTY, an unincorporated nonprofit association, on behalf of itself and its members,

    Plaintiff,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

    Defendant.

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

    The matter before the Court is Plaintiff's Unopposed Motion for Absentee Testimony of Witness Kevin Lundberg [Docket No. 61].

    This case is set for a preliminary injunction hearing on Tuesday, January 23, 2024 and Wednesday, January 24, 2024.  Docket No. 48 at 2.  The Court ordered that, if the parties seek to have any witnesses appear remotely, the parties must file a motion to that effect.  *Id*. at 1 ("Any motion should assure the Court that the witness will have adequate bandwidth for a video teleconference ("VTC") connection if appearing by VTC.").

    Plaintiff seeks permission to have Kevin Lundberg testify at the hearing remotely because Mr. Lundberg "is attending a long-scheduled bi-annual employer-related conference in another state during the week of the hearing."  Docket No. 61 at 1, ¶ 1.  Regarding the issue of Mr. Lundberg having sufficient bandwidth for a VTC connection, plaintiff states that "[t]his issue is being addressed."  *Id*. at 1-2, ¶ 3.  Defendant does not oppose Mr. Lundberg testifying at the hearing remotely.  *Id*. at 1.

    The Court finds that good cause and compelling circumstances exist to allow Mr. Lundberg to testify via VTC for the hearing.  *See* Fed. R. Civ. P. 43(a).  Such testimony is permissible with "appropriate safeguards" that "ensure (i) accurate identification of the witness; (ii) protection against any outside influence on the witness; and (iii) accurate transmission."  *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019) (unpublished).

Plaintiff must ensure that reliable video conferencing arrangements are made for Mr. Lundberg.  Mr. Lundberg should testify from a location where there will be no interruptions and that has sufficient bandwidth.  Plaintiff will also be responsible for ensuring that Mr. Lundberg has copies of all exhibits which may be referenced during his direct testimony.  Plaintiff must make arrangements with defendant regarding any exhibits that defendant wishes to use for purposes of Mr. Lundberg's cross examination.  The parties should not assume that the witness will be able to review the exhibits only via the VTC screen.  Rather, the witness should have physical copies of all exhibits.

The courtroom deputy clerk will, at a later date, provide instructions for how the witness may appear via VTC.  Wherefore, it is

**ORDERED** that Plaintiff's Unopposed Motion for Absentee Testimony of Witness Kevin Lundberg [Docket No. 61] is **GRANTED**.

DATED January 19, 2024.