IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01948-PAB-KAS

COLORADO REPUBLICAN PARTY,
an unincorporated nonprofit association, on behalf of itself and its members,

     *Plaintiff*,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

     *Defendant*.

---

## PLAINTIFF'S RULE 54(b) MOTION FOR RECONSIDERATION OF MARCH 31 ORDER

---

Plaintiff Colorado Republican Party ("the Party"), by and through undersigned counsel, respectfully moves this Court for reconsideration of its March 31, 2026, Order, pursuant to Federal Rule of Civil Procedure 54(b), for primary elections in 2028 and beyond.[1] Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned conferred with opposing counsel on May 4, 2026, and was advised that Secretary Griswold opposes this motion. Declaration of Alexander Haberbush ¶ 12 (attached hereto as Exhibit 1). In support thereof, the Party states as follows:

### I.     Introduction

On March 31, 2026, this Court held that "the Party has shown that Proposition 108's requirement that primaries be open to unaffiliated voters constitutes a severe burden" on its

---

[1] The Party previously filed, on April 20, 2026, an Emergency Motion with respect to the June 30, 2026, primary election only, which was denied on April 28, 2026. This motion addresses only future elections beginning in 2028.

constitutional right to freedom of association. Order at 16 (Dkt. #130). As such, the unaffiliated

voter mandate of Proposition 108 was subject to strict scrutiny, and this Court also held that nei-

ther of the governmental proffered interests—increased voter participation and stability—was

sufficient to overcome the severe burden on the Party's associational rights. Order at 18-19. Ab-

sent a reasonable opportunity to opt out, the unaffiliated voter mandate would be unconstitu-

tional.

The Court then addressed whether the Party had a reasonable ability to opt out, given the

requirement that a vote of three-fourths of the entire State Central Committee's membership was

required in order to opt out of the semi-open primary. Facially, the Court held, the three-fourths

vote requirement to opt out "constitutes a severe burden on the major parties' right to association

and is therefore unconstitutional." *Id.* It then granted the Party's Motion for Summary Judgment

with respect to the Party's contention that the supermajority requirement was itself unconstitu-

tional. *Id.* at 21. But having invalidated the supermajority vote requirement, the Court denied the

Party's Motion for summary Judgement with respect to the unaffiliated voter mandate itself. "[I]f

a major party has a reasonable ability to opt out of the semi-open primary"—such as would ap-

parently be the case under the Court's assessment absent the unconstitutional supermajority vote

requirement—the associational burden of Proposition 108 would not exist." Order at 20. It also

denied Secretary Griswold's motion for summary judgment, leaving unresolved whether the un-

affiliated voter mandate, now unburdened by the unconstitutional supermajority opt-out vote re-

quirement, was itself unconstitutional and what would need to be demonstrated at trial to resolve

that still-open dispute.

The Party does not dispute that its *facial* challenge to the unaffiliated voter mandate is no

longer viable now that the supermajority opt-out vote requirement has been held to be unconstitutional. But, for the reasons set out below, it contends that, *as applied*, the unaffiliated voter mandate is unconstitutional, and it respectfully seeks reconsideration of that portion of the Court's March 31 Order.

## II.    A Motion for Reconsideration Pursuant to Rule 54(b) Is Appropriate.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief, … the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court's March 31 Order resolved the Party's claim under Count 2 of its Complaint with respect to the unconstitutionality of the supermajority opt-out vote requirement, but it denied the Summary Judgement motions by both the Party and Secretary Griswold with respect to the only remaining Count, the Freedom of Association challenge in Count 1 to the unaffiliated voter mandate itself. *See* Order at 21 ("The Court finds that the Party is entitled to summary judgment, but only to the extent of the Court declaring the three-fourths opt-out provision unconstitutional"); *id.* (holding that "the Court will deny the Secretary's motion for summary judgment" after acknowledging that the Secretary had moved "for summary judgment on both of the Party's claims.").

Rule 54(b) further provides that, absent an express finding that there is no just reason for delaying entry of final judgment with respect to some claims, "any order … that adjudicates fewer than all the claims … does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims …." Fed. R. Civ. P. 54(b). In its current posture, this case is such a case. Count 2 has been resolved, but the

Plaintiff's Rule 54(b) Motion for Reconsideration - 3

competing motions for summary judgement on Count 1 were denied. The Court's order with respect to Count 1 may therefore be revised under Rule 54(b) at any time before the entry of final judgment on the remaining claim. And while Rule 54(b) does not directly provide for a motion for reconsideration, courts have regularly entertained such motions, recognizing that "district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F.Supp.3d 1164, 1169 (D. Colo. 2019) (citing *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011)). Such "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Green v. Fishbone Safety Sols., Ltd.*, 303 F.Supp.3d 1086, 1091 (D. Colo. 2018) (citing *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (in turn citing Fed. R. Civ. P. 54(b))); *see also, e.g.*, *United States v. Wilson*, 98 F.4th 1204, 1214 (10th Cir. 2024) (noting the district court's consideration of a motion for reconsideration "as a motion to revise an interlocutory order under Federal Rule of Civil Procedure 54(b)"). Courts can entertain such a motion "even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied." *Mantooth*, 360 F.Supp.3d at 1169 (citing *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018)).

Although Rule 54(b)'s text does not impose conditions on the circumstances under which an order can or should be revised before the entry of final judgment—it just says "at any time"—"judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *Green*, 303 F.Supp.3d at 1091 (citing cases). "[C]ourts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* at 1091-92. The

Party bases its motion for reconsideration here on its contention that the prior ruling was "clearly in error," rooted, it believes, on the Court's misapprehension about the nature of the Party's "as-applied" challenge to the unaffiliated mandate. *See, e.g.*, *Can IV Packard Square LLC v. Harbor Real Est. Co., L.L.C.*, No. 1:23-CV-00934, 2023 WL 11955275, at *1 (D. Colo. Oct. 10, 2023) ("a motion for reconsideration is appropriate where the court has misapprehended … a party's position, or the controlling law"). The Party's Motion for Reconsideration is therefore the appropriate mechanism to invoke this Court's authority under Rule 54(b) to revise its March 31 Order.

III.     **The Party's Motion for Reconsideration Should Be Granted and the Court's March 31 Order Should Be Revised To Enter Summary Judgement for the Party on Its Challenge to the Unaffiliated Voter Mandate.**

When, in its March 31 Order, this Court held that "if a major party has a reasonable ability to opt out of the semi-open primary, the associational burden of Proposition 108 would not exist," it relied on a case out of the Fourth Circuit, *Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007). Order at 20-21. The Virginia law at issue in *Miller* allowed "political parties to nominate candidates not only by state-run primary [in which unaffiliated voters could participate] but also by other methods controlled and funded by the party." *Id.* at 367. Because "these other options" left the party free to choose candidates limited to its own voters, "the 'forced association' that the Supreme Court has condemned … was not present." *Id.* (quoting *California Democratic Party v. Jones,* 530 U.S. 567, 581 (2000). Accordingly, the *Miller* court rejected the party's *facial* challenge. *Id.* at 367-68. But it then expressly held that Virginia's unaffiliated voter mandate was unconstitutional *as applied. Id.* at 368.

To be sure, the Fourth Circuit's "as applied" ruling in *Miller* rested in part on the fact that, under Virginia law, an incumbent legislator could choose which nomination method would

be used. The incumbent legislator's selection of the open primary method therefore "force[d] the … Committee to conduct a mandatory open primary," thus constituting a severe burden on the Party's associational rights, which rendered it unconstitutional. *Id.* That fact likely distinguishes *Miller*'s "as-applied" holding from the instant case, but no such distinguishing factor exists in the case decided by the District Court for the District Court of Utah relied on by the Party in its Motion for Summary Judgment, *Utah Republican Party v. Herbert*, 144 F. Supp. 3d 1263 (D. Utah 2015).

In its March 31 Order, the Court did not address the *Utah Republican Party* case, and it seems to have misconstrued the Party's "as-applied" challenge to the unaffiliated voter mandate. It treated the Party's "as-applied" challenge as though the Party were only seeking a ruling of unconstitutionally "as applied to the Party." Order at 20. Instead, the Party was seeking a ruling of unconstitutionality "as applied" to the unaffiliated voter mandate, a ruling which would apply to either major party in Colorado seeking to exercise its constitutionally-protected associational right to exclude non-party members from its primary election nomination process.

The Party agrees with the Court that the Party's *facial* challenge to the unaffiliated voter mandate itself is no longer viable now that the Court has ruled that the supermajority vote requirement for opting out is unconstitutional. But it urges the Court to reconsider its denial of the Party's *as-applied* challenge in light of the *Utah Republican Party* case. While "[m]otions to reconsider are generally an inappropriate vehicle to advance 'new arguments,'" *Green*, 303 F.Supp.3d at 1092 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)), the Party's "as-applied" argument from the *Utah Republican Party* case is not a new argument; it was expressly raised in the Party's Motion for Summary Judgment but not addressed

in the Court's March 31 Order. Plaintiff's MSJ at 7-9 (Dkt. #105).

At issue in that case was a challenge to Utah's law permitting political parties to decide whether to participate in primary elections as a Registered Political Party ("RPP") or a Qualified Political Party ("QPP"). Political parties choosing the latter designation were required to allow unaffiliated voters to participate in their primary elections. The Utah Republican Party ("URP") and the Constitution Party of Utah ("CPU") challenged the unaffiliated voter mandate as a violation of their First Amendment freedom of association. The State moved for summary judgement, contending that the Parties were not "forced" to allow participation of unaffiliated voters in their primary elections because they "easily could have chosen to become RPPs and avoid the forced association with unaffiliated voters." *Id.* at 1271. "The State is incorrect," the court concluded, explaining after a thorough review of relevant Supreme Court precedent that the RPP choice afforded to political parties insulated Utah's law from a facial challenge but not an as-applied challenge. Once a party made the choice to proceed as a Qualified Political Party—and, unlike in *Miller*, it was not "forced" to make such a choice—the unaffiliated voter mandate tied to QPP status imposed "a severe burden because it forces QPPs to flood their primary elections with thousands of unaffiliated voters." *Id*. at 1280. "Accordingly," the court held, "the Unaffiliated Voter Provision must be struck down unless it is 'narrowly drawn to advance a State interest of compelling importance.'" *Id.* (quoting *Burdick v. Takushi,* 504 U.S. 428, 434 (1992)). Then, after rejecting each of the State's asserted interests (including the same "increase voter participation" interest advanced by Colorado here) as not "compelling," the Court denied the State's Motion for Summary Judgement and granted the Constitution Party's Motion for Partial Summary Judge-

ment on the unaffiliated voter issue. It also granted summary judgment to non-movant Utah Re-

publican Party pursuant to Fed. R. Civ. P. 56(f). *Id.* at 1265 and n.10.

Although that part of the district court decision was not appealed because the State Legis-

lature promptly deleted the requirement that Qualified Political Parties allow unaffiliated voters

to participate in their primaries,[2] the Tenth Circuit repeatedly and favorably referenced that part

of the district court decision in its opinion addressing other aspects of the case. "The URP, like

all political parties, has 'a right to identify the people who constitute the association, and to select

a standard bearer who best represents the party's ideologies and preferences,'" it noted, adding:

"That is why the district court declared the Unaffiliated Voter Provision, which forced the URP

to allow nonmembers to help select its candidates, unconstitutional in the First Lawsuit." *Utah*

*Republican Party v. Cox*, 892 F.3d 1066, 1081 (10th Cir. 2018) (quoting *Eu v. San Francisco*

*Cnty. Dem. Central Comm.*, 489 U.S. 214, 224 (1989)); *see also id.* at 1073, 1074, and 1080.

As the Party further contended in its motion for summary judgement here, *Utah Republi-*

*can Party* is directly on point, and its thorough review of controlling Supreme Court precedent is

compelling and extremely persuasive. It should be followed here, particularly in light of the

Tenth Circuit's favorable reference to the holding. Once the Colorado Republican Party declines

to opt out of the open primary, the requirement that it allow unaffiliated voters to participate in

its primary election imposes a "severe" burden on its First Amendment associational rights, trig-

gering strict scrutiny in its as-applied challenge as a matter of law. Just as in *Utah Republican*

---

[2] *See* 2016 Utah Laws Ch. 16 (H.B. 48), § 3 (deleting Utah Code § 20A–9–101(12)(a), which de-
fined "Qualified Political Party" as, inter alia, a registered political party that "permits voters
who are unaffiliated with any political party to vote for the registered political party's candidates
in a primary election").

*Party*, therefore, the unaffiliated voter mandate imposed by Prop. 108 here "must be struck down unless it is 'narrowly drawn to advance a State interest of compelling importance.'" *Utah Republican Party*, 144 F.Supp.3d at 1280 (quoting *Burdick,* 504 U.S. at 434). This Court has already determined that no such interest exists.

**IV.    CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, the Party respectfully requests:

1)  that the Court reconsider the portion of its March 31 order leaving unresolved the constitutionality of the unaffiliated voter mandate unburdened by the unconstitutional supermajority opt-out vote requirement;

2)  that it adopt the reasoning of the Utah District Court in the *Utah Republican Party* case, favorably referenced by the Tenth Circuit, and hold that, *as applied*, the unaffiliated voter mandate is unconstitutional once the Party has declined to opt out of a primary election; and

(3) Grant such other and further relief as the Court deems just and proper.

Dated: May 5, 2026                                  Respectfully Submitted,

/s/ *Alexander Haberbush*                           /s/ *Randy B. Corporon*
Alexander Haberbush                                 Randy B. Corporon
CONSTITUTIONAL COUNSEL GROUP                        LAW OFFICES OF RANDY B. CORPORON P.C.
444 W Ocean Boulevard, Suite 1403                   5445 DTC Parkway, Suite 825
Long Beach, CA 90802                                Greenwood Village, CO 80111
Telephone: (562) 435-9062                           Telephone: (303) 749-0062
E-mail: ahaberbush@ccg1776.com                      E-mail: rbc@corporonlaw.com

Plaintiff's Rule 54(b) Motion for Reconsideration - 9

**CERTIFICATION RE: USE OF GENERATIVE ARTIFICIAL INTELLIGENCE ("AI")**

The undersigned counsel certify that generative artificial intelligence was not used to draft Plaintiff's Rule 54(b) Motion for Reconsideration of March 31 Order.

Dated: May 5, 2026

/s/ *Alexander Haberbush*
Alexander Haberbush
CONSTITUTIONAL COUNSEL GROUP
444 W Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
E-mail: ahaberbush@ccg1776.com

/s/ *Randy B. Corporon*
Randy B. Corporon
LAW OFFICES OF RANDY B. CORPORON P.C.
5445 DTC Parkway, Suite 825
Greenwood Village, CO 80111
Telephone: (303) 749-0062
E-mail: rbc@corporonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Alexander Bostic*
Alexander Bostic, Paralegal