**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01948-PAB-KAS

COLORADO REPUBLICAN PARTY,
an unincorporated nonprofit association, on behalf of itself and its members,

    *Plaintiff*,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

    *Defendant*.

---

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 54(b) MOTION
FOR RECONSIDERATION OF MARCH 31 ORDER**

---

Plaintiff Colorado Republican Party ("the Party"), by and through undersigned counsel, submits the following reply in support of its Rule 54(b) Motion for Reconsideration of the Court's March 31 Order.  [Dkt. #156].

## I.    The Party's Rule 54(b) Motion for Reconsideration is Appropriate.

Secretary Griswold concedes that "a motion for reconsideration is appropriate where the court has misapprehended … a party's position." Br. in Opp. ("BIO") at 2. The Party's Rule 54(b) Motion is based precisely on that contention: namely, that the Court misapprehended the nature of the Party's as-applied challenge to the unaffiliated voter mandate. The issue, therefore, is not whether reconsideration is available under Rule 54(b), but whether the Court correctly understood and addressed the Party's as-applied challenge in its March 31 Order.

The Secretary then contends that "a motion for reconsideration is *not* an appropriate vehicle 'to revisit *issues already addressed* or advance arguments that could have been raised in prior

Plaintiff's Reply In Support of Rule 54(b) Motion - 1

briefing.'" *Id*. (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000), in turn citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995), second emphasis added). *Brumark* and *Servants* addressed Rule 59 and Rule 60 motions, however, not Rule 54(b) motions.

Even though the district courts often utilize Rule 59 and Rule 60 standards when addressing Rule 54(b) motions, the standard for Rule 54(b) motions is more lax than for Rule 59 and Rule 60 motions, and such a motion may be entertained "even when the more stringent requirements applicable" to motions under Rules 59(c) and 60(b) "are not satisfied." *Mantooth v. Bavaria Inn Rest., Inc.,* 360 F.Supp.3d 1164, 1169 (D. Colo. 2019) (citing *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018)). A "district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008).

Even if the standard set out in *Servants* and *Brumark* were applicable in the context of the Rule 54(b) motion at issue here, however, the Secretary's contention confirms that even under the Rule 59 and Rule 60 standards, the Party's Rule 54(b) Motion for Reconsideration is appropriate. The issue raised by the Party was *not* "already addressed" by this Court due to what appears to have been a "misapprehen[sion]" by the Court of the "party's position." The key phrase is "issues already addressed," and as noted in the Party's opening brief, the issue presented in the Party's Rule 54(b) Motion was not addressed in this Court's March 31 Order.

That issue is whether, *as applied*, Colorado's unaffiliated voter mandate infringes the Party's First Amendment rights when the Party has declined to choose an available path to the general election ballot that does not include participation by unaffiliated voters, as the District

Plaintiff's Reply In Support of Rule 54(b) Motion - 2

Court for the District of Utah held in *Utah Republican Party v. Herbert*, 144 F. Supp. 3d 1263 (D. Utah 2015).

The Secretary is of course correct that a district court decision is not controlling precedent, but that holding was cited favorably by the Tenth Circuit when the case went up on appeal to address other issues in the case after the "as applied" holding had become moot when the Utah Legislature repealed the unconstitutional unaffiliated voter mandate. At the very least, the Tenth Circuit's favorable discussion *of Herbert* warranted discussion by this Court.

The Party's Rule 54(b) Motion for Reconsideration is therefore not borne out of disagreement with a ruling by this Court on an issue that the Court has "already addressed." BIO at 3 (citing *Dolan v. FEMA*, 794 F. Supp. 3d 951, 985-86 (D.N.M. 2025)); *see also* BIO at 3-4 (citing *Rivera v. Exeter Fin. Corp.*, No. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019)). Nor is it based on a new argument that was not but could have been raised previously. As the Secretary recognizes, the Party did in fact present the as-applied challenge to the unaffiliated voter mandate in its Summary Judgment motion.

The question is whether that particular *as-applied* challenge, as distinct from the Party's facial challenge, was addressed in the March 31 Order. It was not, and the Secretary's claim to the contrary at BIO p. 5, simply misconstrues the distinction between the Party's facial challenge, which this Court rejected once it had determined that the supermajority opt-out vote requirement was unconstitutional, and its as-applied challenge, which this Court did not address.

Alternatively, if the Court intended its statement that "if a major party has a reasonable ability to opt out of the semi-open primary, the associational burden of Proposition 108 would not exist" to reject the Party's *Herbert*-based as-applied challenge, the Court did so without addressing *Herbert* itself or the distinction *Herbert* drew between facial and as-applied challenges.

Plaintiff's Reply In Support of Rule 54(b) Motion - 3

The Party respectfully submits that reconsideration is warranted under either circumstance.

## II.   As Applied, the Unaffiliated Voter Mandate is Unconstitutional

The Secretary mischaracterizes the Party's as-applied challenge as a contention that the unaffiliated voter mandate is only unconstitutional as applied *to it*. BIO at 5 n.1. That is not what the Party has alleged. Nor does the Party contend that *Herbert* is controlling authority. Rather, *Herbert* is persuasive because it addressed the precise distinction between facial and as-applied challenges presented here. The Party's actual as-applied challenge is that, as the *Herbert* court held, once a party—*any* party—elects a path to the ballot that requires it to accept unaffiliated voters against its will, such a mandate is unconstitutional as applied, even if the existence of an alternative path that does not require participation by unaffiliated voters defeats a facial challenge.[1]

The Secretary then claims that the Court's silence on the Party's as-applied challenge is not dispositive, citing a couple of unpublished district court decisions for the propositions that "there is no requirement for a court to specifically address each and every argument" and that "[a]rguments not discussed may be deemed implicitly rejected, rather than ignored." BIO at 5-6 (quoting *Dade v. Wands*, No. 11-cv-00430-WJM-MJW, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012); *United States v. Rogers*, No. 10-CR-10186-01-JTM, 2016 WL 7650583, at *1 (D. Kan. Mar. 9, 2016). The Secretary's authorities are inapposite. Neither *Dade* nor *Rogers* adopted the broad rule the Secretary suggests. Both were habeas cases, which routinely deal with "throw everything at the wall and see what sticks" contentions.

Moreover, neither case adopted the absolute rule that the Secretary seems to suggest.

---

[1] The Secretary's further claim that the Party did not raise "separate 'as-applied' and 'facial' claims in the Complaint" is inexplicable, as the Secretary herself repeats verbatim the language in both Counts I and II challenging the provisions of Proposition 108 both "on their face and as applied." BIO at 5 n.2 (quoting Compl. (Dkt. 1) ¶¶ 38, 42, 51, 53).

*Dade* noted that the court had "specifically addressed … Dade's three primary arguments." *Dade*, 2012 WL 1207150, at \*1. And *Rogers* simply rejected the claim that a district court was required to separately address ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims, holding that "there is no rule or case that says the court may not consolidate its analysis." *Rogers*, 2016 WL 7650583, at \*1.

Significantly, the one Circuit Court decision relied on in *Rogers* held that, "[b]eyond presenting a point, a party has a duty to make clear, after a court's ruling that does not mention a contention briefed and argued, that the party regards the point as still open and undisposed of, and still presses it." *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, 636 F.2d 936, 941 (4th Cir. 1980). That is precisely what the Party has done here by way of this Rule 54 Motion for Reconsideration.  Indeed, this motion is the first opportunity the Party has had to alert the Court that the *Herbert*-based as-applied challenge remains unresolved.

Finally, the Secretary contends that the Supreme Court's decision in *Tashjian v. Republican Party of Conn.*, 479 U.S. 208 (1986), "undermine[s]" the Party's contention. Not true. *Tashjian* is the flip side of this case, where the political party wished to include unaffiliated voters in its primary, which state law forbade. That was an unconstitutional infringement on the party's Freedom of Association. *Id.* at 225. The case says nothing about whether a party which declines a more restrictive path to the general election ballot without an unaffiliated voter mandate is nevertheless unconstitutionally burdened by the unaffiliated voter mandate that remains, as was held in *Herbert.*

The Secretary concedes that *Herbert* so held, but she claims that the *Herbert* court's "reasoning is flawed" because its "analysis ignored the other paths available to parties." BIO at 7 (citing *Herbert*, 144 F.Supp.3d at 1278-80). The Secretary's claim that *Herbert* ignored the other

Plaintiff's Reply In Support of Rule 54(b) Motion - 5

paths available is flatly incorrect. Indeed, the Court addressed the subject at length:

> The State argues that the Unaffiliated Voter Provision is not unconstitutional as applied to the URP [Utah Republican Party] or CPU [Constitution Party of Utah] because the URP and CPU did not have to choose to be a QPP [Qualified Political Party], but could have chosen to follow the RPP [Registered Political Party] path and avoid the Unaffiliated Voter Provision altogether. Therefore, the State contends, SB54 "does not force the parties to associate with non-party members...." Instead, the State argues, SB54 allows political parties *a choice* to become either a QPP or remain an RPP. Essentially, the State argues that because Parties chose to subject themselves to the Unaffiliated Voter Provision they cannot now complain that *the State* which forced association with unaffiliated voters. This is incorrect.

*Herbert*, 144 F.Supp.3d at 1279. The *Herbert* court then rejected the State's reliance on *Miller v. Brown*, 503 F.3d 360 (4th Cir. 2007), noting that *Miller* supported the State's position only with respect to a facial challenge, not an as-applied challenge.

The Utah law at issue in that case "is *facially* constitutional because there is a set of circumstances under which the law is valid," it held. *Id.* at 1280 (emphasis added). But it then held that, "*as applied* to the parties in this case [namely, those that had chosen the QPP path to the ballot], the Unaffiliated Voter Provision is a severe burden because it forces QPPs to flood their primary elections with thousands of unaffiliated voters." *Id.* (emphasis added). Accordingly, "the Unaffiliated Voter Provision must be struck down unless it is 'narrowly drawn to advance a State interest of compelling importance,'" which it was not. *Id.*

That is the same distinction between the facial and as-applied challenges at issue here. *Herbert* correctly decided that, *as applied*, the Unaffiliated Voter Provision was unconstitutional. Although the issue had become moot before appeal, the Tenth Circuit nevertheless favorably referenced the district court's holding when discussing the associational rights of political parties. The Party here pressed that very issue in its summary judgment motion, but it was not addressed in the March 31 Order. This is not some collateral issue in a shotgun, throw-everything-at-the-wall-and-see-what-sticks approach, but is the primary—indeed, the sole—remaining issue in the

Plaintiff's Reply In Support of Rule 54(b) Motion - 6

case.

Finally, the Secretary fails to identify any portion of the March 31 Order that discusses *Herbert*, distinguishes *Herbert*, rejects *Herbert*, or analyzes the facial-versus-as-applied distinction on which *Herbert* rests. Instead, the Secretary argues that the Court implicitly rejected the argument. That contention underscores, rather than resolves, the basis for reconsideration.

## CONCLUSION

The issue presented is not whether *Herbert* is binding, but whether the Party's <u>*Herbert*</u>-based as-applied challenge was ever addressed. The March 31 Order does not discuss that challenge.  For the reasons stated above and previously, the Party's Motion for Reconsideration should be granted and summary judgment on Count 1 be granted for the Party because, *as applied*, the Unaffiliated Voter Mandate unconstitutionally burdens the Party's Freedom of Association without a narrowly drawn compelling governmental interest.

Dated: June 22nd, 2026                                Respectfully Submitted,


/s/ *Alexander Haberbush*                             /s/ *Randy B. Corporon*
Alexander Haberbush                                  Randy B. Corporon
CONSTITUTIONAL COUNSEL GROUP                         LAW OFFICES OF RANDY B. CORPORON P.C.
444 W Ocean Boulevard, Suite 1403                    5445 DTC Parkway, Suite 825
Long Beach, CA 90802                                 Greenwood Village, CO 80111
Telephone: (562) 435-9062                            Telephone: (303) 749-0062
E-mail: ahaberbush@ccg1776.com                       E-mail: rbc@corporonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Lacey M. Kalkwarf*
Lacey M. Kalkwarf, Paralegal